Albert P. and Grace R. Tiernan v. Commissioner.
Tiernan v. Commissioner
Docket No. 45845.
United States Tax Court
T.C. Memo 1955-59; 1955 Tax Ct. Memo LEXIS 282; 14 T.C.M. (CCH) 195; T.C.M. (RIA) 55059; March 11, 1955
*282 Albert P. Tiernan, pro se. James D. Quinn, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $205.98 in income tax for 1949. The only issue for decision is whether the Commissioner erred in disallowing a deduction of $1,373.50 claimed as travel expenses. Findings of Fact The petitioners, husband and wife, filed their joint return for 1949 with the collector of internal revenue for the twenty-first district of New York. They claimed on that return a deduction of $1,373.50 for travel expense, and the Commissioner in determining the deficiency disallowed that deduction with the explanation that it was disallowed "for failure to verify as requested." The petitioners and their two sons were living during all of 1949 in a rented house at Felts Mills, New York. The sons were attending high school and the wife was employed part time as a teacher. The petitioners had been living there for several years during the early part of which Albert had had some employment there. Albert was an electrical worker, belonged to a union with headquarters in Syracuse, and received his employment through that union. *283 Albert went to work at Schenectady, New York, for Watson and Flagg, an engineering contractor, at some undisclosed time in 1947 and continued that employment at Schenectady until August 1949. His employment was terminated, after which Albert went to work at Troy, New York, for Gordon L. Hayes in August 1949. He left there in October and went to Saugerties, New York, with the Robert E. Fuller Construction Company. He was then transferred by the same company to Andes, New York, and that was the last job which he worked on in 1949. Albert's jobs at Troy, Saugerties and Andes during 1949 were temporary assignments and it would have been unreasonable to expect him to have moved his home to those places on account of those employments. All of the jobs on which Albert was employed were controlled by organized labor and the unions placed the men on the jobs. Local men had priority and Albert was taken off some of the jobs mentioned above because local men became available. Albert worked approximately 49 weeks in 1949, usually five days a week but sometimes more, and usually he returned to his home in Felts Mills over each week-end. He lived while away from home during 1949 at hotels *284 and rooming houses and took his meals at restaurants. He regarded Syracuse as his established home for business purposes. His claim for travel expenses does not include any amounts for travel over week-ends between his home and the location of his job, but it does include $36.50 for travel from Syracuse to a particular job or from one job to another if there was no unemployed period between jobs. His lodging at the location of his jobs averaged about $10 a week and his meals averaged about $4.25 a day. Albert had traveling expenses while away from home in the pursuit of his trade during 1949 in the amount of $660. Opinion MURDOCK, Judge: The petitioners have the burden of proof to show that the determination of the Commissioner was incorrect. The evidence shows that the Schenectady job lasted about two years and does not justify a finding that that job was a temporary assignment rather than one which would justify regarding Schenectady as his home for business purposes. Therefore his board and lodging during that period can not be allowed as travel expense. ; . However, his employment *285 during the remainder of the year was all of such a temporary character that it would be unreasonable to regard his home for business purposes as shifting to the location of each job. . The Commissioner concedes that he had travel expenses on the Saugerties and Andes jobs. A deduction has been allowed for travel expenses incident to those two and the Troy job based upon the average cost of his lodging, the average cost of his meals, and the amount spent moving from one or more of those jobs to others. Decision will be entered under Rule 50.